Amir J. Goldstein (SBN 255620)
Email: ajg@consumercounselgroup.com
7304 Beverly Boulevard, Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON INGBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REAL INNOVATION INC., IA AMERICAN LIFE INSURANCE COMPANY and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.:   2:23-cv-9789<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, as and for his class action complaint against the Defendants Real Innovation Inc. and IA American Life Insurance Company (collectively, the "Defendants") alleges on information and belief as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of the Telephone Consumer Protection Act ("TCPA") or 47 U.S.C. §227 et seq., thereby invading Plaintiff's privacy.

2. The TCPA was designed to prevent calls and messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. ―Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private [phones] – prompted Congress to pass the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

## PARTIES

3. Plaintiff resides in Los Angeles County, California and is a "person" as defined by 47 U.S.C. § 153 (39).

4. Upon information and belief, Defendant Real Innovation Inc. is a Delaware corporation with its principal place of business is Middletown, Delaware. Defendant Real Innovation Inc. is a "person" as defined by 47 U.S.C. § 153 (38) that regularly conducts business in this district.

5. Upon information and belief, Defendant IA American Life Insurance Company is a Georgia corporation with its principal place of business in Waco, Texas. Defendant IA American Life Insurance Company is a "corporation" as defined by 47 U.S.C. § 153 (39) that regularly conducts business in this district.

## JURISDICTION

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and because this case arises out of violations of federal law, 47 U.S.C. §227(b). See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 as well as 28 U.S.C. §1367.

## FACTUAL BACKGROUND

7. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

8. That Defendants' regular business practices include contacting individuals like the Plaintiff by telephone where many of these calls are, in fact, made to phone numbers assigned to cellular telephones.

9. That within the four years prior to the filing of this action, Defendants caused dialing equipment to be used to dial the cellular telephone numbers of individuals, including Plaintiff. Such equipment had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. The dialing equipment used by Defendants had the capacity to dial numbers without human intervention.

10. That Defendants also utilized an artificial and/or prerecorded voice in calls they made in connection with their businesses, including calls to the Plaintiff.

11. That for many of the people whose cell phones were called as a result of Defendants' autodialing and artificial/prerecorded voice calling practices, Defendants acquired the individual's number through skip tracing or another indirect method, i.e., Defendants did not acquire the individual's number from the individual.

12. That upon information and belief, including the experience of Plaintiff described herein, many of these individuals were called by Defendants more than once, even after they asked that the calls stop.

13. That in or about July 2023, Defendants started calling Plaintiff's personal cell phone telephone ending in 0089 to solicit their services.

14. That Defendants called Plaintiff's cell phone several times a day (including through the date of the filing of this complaint), at all hours of the day from various 'spoofed' numbers with a local 310 area code and other local Los Angeles based phone numbers.

15. That whenever Plaintiff picked up a call from the Defendants, he would hear a metallic piercing sound followed by a call representative who would hurriedly join the call and launch into a disturbing sales pitch to Plaintiff regarding life insurance.

16. That prior to receiving these calls, Plaintiff had no relationship with either Defendant.

17. That Plaintiff is not a customer of either Defendant, and has never provided any personal information, including his cell phone number, to either Defendant for any purpose whatsoever; nor has Plaintiff purchased or used any goods or services offered by either Defendant, at any time prior to the filing of this Complaint.

18. That Plaintiff, in fact, explicitly asked Defendants on numerous occasions to stop calling his phone number.

19. That Defendants predominantly or only used artificial/prerecorded voice messages in the calls it caused to be made to Plaintiff's cell phone, and many if not all of the calls were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's number without human intervention.

20. That Defendants also placed calls using an artificial or prerecorded voice to deliver messages, identical to each other, to Plaintiff's cell phone regarding Defendants' services, without his prior express consent.

21. That upon information and belief, no human being pressed the digits of Plaintiff's cellular telephone number into a phone to call Plaintiff in connection with the calls he received from Defendants, including those around July 2023, among other instances. These and other calls to Plaintiff were made using an "automatic telephone dialing system" or ATDS and an artificial and/or prerecorded voice using autodialing services.

22. That Plaintiff suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Plaintiff's privacy was wrongfully invaded, and Plaintiff has become aggravated with having to deal with the frustration of repeated, unwanted phone calls using up the airtime of his cell phone plan, forcing him to divert attention away from his business, family and other activities.

23. That as a result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to: sleepless nights, stress, anxiety and aggravation.

//

//

**FIRST CAUSE OF ACTION**

24. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

25. The TCPA prohibits Defendants from making telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

26. "Automatic telephone dialing system" refers to any "equipment which has the capacity … (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC, charged with adopting rules implementing the TCPA, has clarified that an ATDS includes predictive dialers and any other equipment that has "the capacity to dial numbers without human intervention." See *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (May 13, 2013) (quoting *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14092, para. 132 (2003)) (emphasis in original).

27. That Defendants caused equipment having the capacity to dial numbers without human intervention to be used to make telephone calls to the cellular telephone of Plaintiff.

28. That all calls placed by the Defendants to Plaintiff utilized an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

29. That said ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30. That said calls made by Defendants to Plaintiff's cell phone also utilized an "artificial" or "prerecorded voice" see 47 U.S.C. § 227(b)(1)(B).

31. That Defendants willfully or knowingly violated the TCPA, by placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's consent.

32. That Plaintiff was charged for the phone calls made by Defendants to his cellular phone.

33. That Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

34. That the telephone calls made by Defendants, or their agents, violated 47 U.S.C. § 227(b)(1)(B).

35. That the foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36. That as a result of Defendants' violations of the TCPA, Plaintiff suffered stress, sleepless nights, aggravation and emotional distress.

37. That as a result of Defendants' violations of the TCPA, Plaintiff is entitled to $500.00 for each artificial and/or prerecorded telephone call pursuant to 47 U.S.C. §227(b)(3)(B).

38. That as per 47 U.S.C. §227 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial.

## CLASS ALLEGATIONS

39. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40. The first cause of action is brought on behalf of Plaintiff and the members of a class.

41. The Class is defined as follows: All persons in the United States whose cell phone number, at any time between the date that is four years prior to the filing of this action and the present, Defendants, or some person on Defendants' behalf, caused to be called using an artificial or prerecorded voice and/or equipment with the capacity to dial numbers without human intervention. Excluded from the Class are Defendants, any of Defendants' attorneys, officers, or employees, Plaintiff's counsel, and any member of the judiciary overseeing this action.

42. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) The Class is so numerous that joinder of all members is impracticable. On information and belief, Defendants caused more than 100 cell phone numbers to be called in the four years prior to the filing of this action using an auto dialer and/or artificial or prerecorded voice. While the total number and identity of the Class members is at this point unknown, such information is, on information and belief, readily obtainable through the records of Defendants or its carrier(s) and could number in the thousands.

  (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. Such questions common to the Class include but are not limited to:

    (1) Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" as such terms are defined or understood under the TCPA and applicable Federal Communications Commission ("FCC") regulations and orders;

    (2) Whether Defendants' conduct and policy of calling the cell phones of Plaintiff and the other members of the Class using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice constitutes unfair, unconscionable, and/or harassing conduct; and

    (3) Damages, which can be calculated by a mechanical formula, as well as whether Defendants' violations were performed willfully or knowingly such as to warrant treble damages under Section 227(b)(3) of the TCPA.

(C) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.  The factual and legal bases of Defendants' liability to Plaintiff and the other members of the Class are the same: Defendants violated the TCPA by causing the cellular telephone number of each member of the

Class, including Plaintiff, to be called using an automatic telephone dialing system and/or artificial or prerecorded voice.

(D) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff's interests are consistent with those of the members of the class. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff will vigorously pursue his claims and he has retained counsel competent and experienced in class and complex litigation, including cases under the Telephone Consumer Protection Act.

() A class action is superior to other available methods for fairly and efficiently adjudicating the controversy alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the Class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise. Courts nationwide frequently grant class certification in cases brought under the TCPA; no difficulties are likely to be encountered in the management of this case as a class action. If the class is certified under Rule 23(b)(3), Plaintiff anticipates the distribution of mail notice to each class member at their last-known address, or by such other practicable means as circumstances permit.

43. Defendants—in making prerecorded auto dialer calls to the cell phones of Plaintiff and the other members of the Class—have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, warranting injunctive or corresponding declaratory relief for the Class as a whole. Prosecution of separate, piecemeal actions by individual members of the Class, should they even realize that their

rights have been violated, would create the risk of inconsistent results for the same unlawful conduct and practices.

44. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45. As a result of Defendants' conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500.00 in damages for each and every violation, and a maximum of $1500.00 in statutory treble damages for each and every violation, if the Court determines that Defendant's violation of the TCPA was willful or knowing. See 47 U.S.C. § 227(b)(3)(C), 47 U.S.C. § 312(f)(1).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) An order certifying the class defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;

(b) Statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);

(c) Treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(d) Special, general, and compensatory damages and punitive damages;

(e) Equitable and injunctive relief;

(f) Restitution;

(g) Pre- and post-judgment interest on the above amount(s);

(h) Costs and reasonable attorney's fees provided by statute, common law and/or the Court's inherent power; and

(i) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant and its agents, employees, affiliates and/or subsidiaries from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Dated: November 17, 2023                    Respectfully Submitted,

/S/ Amir Goldstein_____
Amir Goldstein
Attorney for Plaintiff